UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Christine Hinds,<br>  Plaintiff,<br>   vs.<br><br>Xcite Advertising; MP-555 West Firth Special Member, Inc.<br>  Defendant | Civil Action No.<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of gender and sexual harassment was filed with the Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the Equal Employment Opportunity Commission ("EEOC") on or about March 13, 2015.

    c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of Right to Sue.

3. Plaintiff, Christine Hinds, is a citizen and resident of the State of South Carolina, and at all times relevant resided in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

5. Defendant Xcite Advertising, upon information and belief, is a foreign business maintaining headquarters in California, and operating by virtue of laws of the State of South Carolina, and at all times herein is operated as a business within the State of South Carolina and more particularly the County of Charleston.

6. Defendant MP-555 West Firth Special Member, Inc., upon information and belief, is a foreign upon information and belief, is a Delaware corporation operating under the laws of the State of South Carolina and does business in Charleston County.

7. Defendants, are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants, are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. That on or about May 12, 2014, Plaintiff began working for Defendants as a car photographer.

12. Defendants provided the Plaintiff with equipment to do her job, such as a laptop computer and a camera.

13. Defendants told the Plaintiff where she would be working.

14. The Defendants told her what cars to photograph and how many pictures to take.

15. Defendants made Plaintiff sign a non-compete clause to prevent her from seeking additional work in her field.

16. Plaintiff agreed and accepted a fee schedule for the work she performed.

17. Plaintiff submitted her timesheets in a timely efficient manner.

18. During Plaintiff's employment with Defendants, Plaintiff was subjected immediately to inappropriate sexual advances, comments and gestures by Area Manager, Lee Herndon.

19. On or about May 20, 2014, Mr. Herndon invited the Plaintiff out for drinks. Plaintiff met Mr. Herndon and Local Manager, Jason Kaufman. Plaintiff also invited a friend to escort her.

20. Mr. Herndon pulled the Plaintiff away from the group and began making sexual, vulgar comments to the Plaintiff. Mr. Herndon pulled the Plaintiff close to him and tried to kiss her.

21. The Plaintiff pulled away from Mr. Herndon and returned to the group. The Plaintiff immediately reported the incident to the Local Manager, Jason Kaufman.

22. Lee Herndon began treating the Plaintiff harshly in retaliation for reporting the lewd and inappropriate behavior.

23. It was the duty of the Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

24. Despite her reporting the behavior, Defendants did not take appropriate action to resolve the problems and disciplined the Plaintiff for the Area Manager, Lee Herndon's inappropriate behavior upon her amongst other things.

25. The Defendant wrongfully withheld the Plaintiff's wages and the Defendant should be required to pay the Plaintiff for all wages owed to her, plus interest.

26. Despite requests, the Plaintiff was not paid for the work performed.

27. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

28. Defendants retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff was thereafter terminated on or about June 18, 2014.

29. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts of gender and religious discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS/SEXUAL DISCRIMINATION/TITLE VII**

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. The Plaintiff is member of a protected group on the basis of her sex or gender. The Plaintiff was retaliated against and terminated based on turning down unwanted sexual harassment and advances by her supervisor Area Manager Herndon and for reporting such actions in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

32. The Defendants actions were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

    b. In continually allowing Mr. Herndon to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

      c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

33. In failing to protect the Plaintiff from sexual harassment, preferential treatment or retaliation, the Defendants acted with malice or reckless indifference to the federally protected right set out under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

34. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), and the South Carolina Human Affairs Law by allowing the sexual harassment, hostile work environment and retaliation to exist in the workplace.

35. The Defendants wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff.  The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing a hostile work environment to exist regarding sexual harassment and retaliation in the workplace.

36. That the aforesaid conduct of the Defendants, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

37. The Plaintiff's complaints of sexual harassment were a determining factor in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.  But for the Plaintiff's complaints of sexual harassment and a hostile work environment, she would not have been terminated.

38. As a direct and proximate result of the Defendants retaliation on the basis of complaints of sexual harassment in the workplace and a hostile work environment, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

39. Following the Plaintiff's complaints of sexual harassment, she was subjected to a hostile work environment.

40. The Defendants employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

41. The Plaintiff is entitled to injunctive relief and/or civil damages from the Defendants as a result of the employment discrimination as alleged above.

42. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

43. That the discharge of the Plaintiff with the Defendants was the response by the Defendants, their agents and servants, to the Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Herndon including sexual harassment.

44. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendants, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

45. That the aforesaid conduct of the Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

46. Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224, due to the sexual harassment and advances by the Plaintiff's co-worker.

47. As a direct and proximate result of the acts and practices of the Defendants in retaliating against the Plaintiff, creating a hostile work environment and in the retaliatory discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer lost wages and benefits, loss of front pay and benefits from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF SC PAYMENT OF WAGES ACT

48. The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

49. That the Plaintiff, during the course of her employment with the Defendants, was not paid for the work she performed.

50. The Plaintiff, due to the wrongful acts, omissions, and practices of the Defendants, their employees, agents and/or servants, has been deprived of wages and income in violation of South Carolina Code of Laws Sec. 41-10-10, 1976, et. seq.

51. The Defendants refused to pay the Plaintiff for wages due, in violation of the South Carolina Payment of Wages Act.

52. The Plaintiff is informed and believes that she is entitled to an award of her unpaid wages, treble damages, attorneys' fees and costs against Defendants and any other damages to which she may be entitled in an amount to be determined by the trier of fact, pursuant to the South Carolina Payment of Wages Act.

## FOR A THIRD CAUSE OF ACTION
## VIOLATION OF FAIR LABOR STANDARDS ACT

53. The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

54. The Plaintiff was working for the Defendant Company and accrued earned wages.

55. The Defendants has failed and continue to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

56. The Plaintiff is informed and believes that the Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

57. As a direct and proximate result of the acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

58. As a direct and proximate result of the acts and practices of the Defendants, the Plaintiff is informed and believes she is entitled to an award of, treble damages, unpaid wages, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

## FOR A FOURTH CAUSE OF ACTION
## CONVERSION

59. The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

60. The Defendant committed conversion against the Plaintiff in the following particulars to wit:

    a. In wrongfully withholding the Plaintiff's money from her possession;

    b. In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

    c. In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendant or any other person other than the Plaintiff.

61. The Defendant also committed conversion against the Plaintiff by not surrendering the money upon her request for wages owed to her.

62. The Defendant converted said funds to their own use.

63. The Defendant's actions were without right or justification and constituted the conversion of the Plaintiff's property.

64. The Defendant acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

65. That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

## FOR A FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

66. The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

67. Based upon the agreement between the Plaintiff and the Defendant, the Plaintiff performed services for the Defendant in exchange for a sum of wages, plus benefits pursuant to the agreement. The Defendant has failed and continues to fail to pay the monies owed to the Plaintiff as agreed.

68. The Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff.

69. As a result of the Defendant's unjust enrichment, the Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact.

70. That as a direct and proximate result of said conduct on the part of the Defendant, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such amount as a judge and jury may award.

## FOR A SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT

71. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

72. Plaintiff pleads alternatively that if she is deemed an independent contractor, the following Causes of Action.

73. That Defendants and Plaintiff entered into a contract whereby Defendant agreed to pay the Plaintiff with for her work.

74. That because of Plaintiff's reports of violations of the law, Defendant wrongfully terminated Plaintiff's employment, breaching the contract between Plaintiff and Defendant.

75. That as a direct and proximate result of the wrongful termination of Plaintiff's employment, Plaintiff has been deprived of contractual rights conferred by the aforesaid

contract, her ability to work in the field has been damaged, and she has been otherwise injured and damaged in such amount as a judge and jury may determine for compensatory and actual damages.

### FOR A SEVENTH CAUSE OF ACTION
### TORT OF OUTRAGE

76. Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

77. Based on information and belief, Defendant was wanton, and intentional in the discrimination of the Plaintiff in discharging Plaintiff in retaliation due to her reports of company violations of law.

78. Such actions by Defendant were so extreme and outrageous as to exceed all possible bounds of decency, thereby intentionally causing Plaintiff to suffer severe emotional distress that no reasonable man could be expected to endure.

79. Such actions by Defendant were so extreme and outrageous causing the Plaintiff extreme shock, fright and emotional upset and distress in violation of the Tort of Outrage.

80. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered severe and permanent injuries, both physically and mentally.

### FOR A EIGHTH CAUSE OF ACTION
### BATTERY

81. The Defendants, without permission or justification were negligent, grossly negligent, careless, reckless, willful, and wanton in the following particulars, to wit:

    a. In willfully and forcefully making physical contact with the Plaintiff in an offensive manner;

    b. In physically assaulting and battering Plaintiff which was unlawful and unauthorized.

82. That by reason of the emotional and physical assault and battery on Plaintiff, Plaintiff endured reasonable and great fear of bodily harm and fear for her safety due to Lee Herndon's conduct.

83. As a direct and proximate result of Defendant's assault and battery on Plaintiff, Plaintiff suffered great terror, fright, revulsion, disgust, shame, humiliation, embarrassment, shock, and indignities, all to her great damage, both actual and punitive, in an amount to be determined by the trier of fact.

84. As a direct and proximate result of the Lee Herndon's misconduct, the Plaintiff suffered actual damages, including, but not limited to, fear for her life, shock, horror, degradation, physical pain and suffering, anxiety, sleeplessness, emotional trauma, deprivation of her liberty, injury to her reputation, public embarrassment and humiliation, loss of freedom, mental anguish, emotional distress and attorney fees.

## REQUEST FOR RELIEF

85. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

86. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

87. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for mental anguish, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact;

6. Judgment in favor of the plaintiff by the Defendant for actual damages and pain and suffering; and

7. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/Joshua T. Howle
Joshua T. Howle
Federal I.D. # 11759
8086 Rivers Avenue
North Charleston, SC  29406
Attorney for the Plaintiff

North Charleston, South Carolina
This 9th day of June, 2015.